MERRIAM PAPER CO. v. NEW YORK MARKET GARDENERS' ASS'N.

(Supreme Court, Appellate Term. March 5, 1908.)

1. SALES—WARRANTIES—EXPRESS WARRANTIES—FILLING AN ORDER.
    Where defendant ordered paper of a certain weight and size, but there was no evidence that the paper was billed or invoiced as of any weight or size, plaintiff did not, by the mere delivery of the paper in the response to the order, expressly warrant the weight or size thereof.

2. SAME—IMPLIED WARRANTIES—FITNESS—FILLING AN ORDER.
    Where defendant ordered certain paper, and informed plaintiff that it was ordered for making seed bags, without the exaction of fitness for the purpose designated, and plaintiff shipped paper in response thereto, such facts would not imply a warranty of fitness for that or any other purpose.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 772–774.]

**3. SAME—REMEDIES AT LAW—ACTIONS FOR BREACH OF WARRANTIES—DEFENSES —ACTIONS.**

Where defendant ordered two lots of paper of a certain weight and size, and, without rejection or offer to return the paper delivered, pays for one lot in full and in part for the other, he will be held to have accepted the paper as complying with the terms of the purchase, and cannot recover on a breach of warranty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 451–455.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Merriam Paper Company against the New York Market Gardeners' Association. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Holt, Warner & Gaillard (Thomas G. Prioleau, of counsel), for appellant.

Almet Reed Latson, for respondent.

MacLEAN, J. In this action to recover a balance alleged to be due for the sale and delivery of a quantity of paper, the defendant counterclaimed for a breach of warranty upon two lots of paper used without rejection or offer to return, and. on which payment had been made in full for one and in part for the other. Premising the acceptation of the evidence warranting the findings of fact involved in the determination in favor of the plaintiff, which we will not disturb, and there being no evidence that the two lots of paper were billed or invoiced as of certain weight and size, the plaintiff may not be said, by the mere delivery of the paper in response to, the orders, to have made an express warranty of the weight, quantity, and size of the paper. Dounce v. Dow, 64 N. Y. 411. Even though the defendant informed the plaintiff that the paper was wanted for making seed bags, it may not be implied, from that and the mention of weight, without exaction of a promise as to fitness for that purpose, that the plaintiff warranted the paper fit for the purpose indicated, or any other. No collateral agreement being shown, the defendant must be held, on the case as presented here, to have accepted the paper as complying with the terms of the purchase and sale.

Judgment affirmed, with costs. All concur.